13 N.J. Super. 479 (1951)
80 A.2d 584
THERESA STEINHART BERG, STANLEY BERG AND MAURICE J. STRAUSS, SUCCESSOR TRUSTEES UNDER THE WILL OF JOSEPHINE GANS STEINHART, DECEASED, PLAINTIFFS,
v.
TERESA STEINHART BERG, DAN BERG, A MINOR, AND JOSEPHINE GANS BERG, A MINOR, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 29, 1951.
*480 Mr. Daniel DeBrier, attorney for plaintiffs.
Mr. Marvin Z. Wallen, attorney for defendants.
HANEMAN, J.S.C.
Josephine Gans Steinhart died on May 21, 1943, leaving a will dated June 16, 1942, which will was probated by the Surrogate of Atlantic County on June 4, 1943.
In and by the terms of said will the testatrix set up a trust fund and provided in paragraph designated "First, sub-paragraph B," as follows:
"Upon the death of my husband or in the event that he should predecease me then to accumulate the income until the termination of the present wars between the United States of America and Germany and between the United States of America and Japan."
Complaint has been filed in this cause requesting a construction of the above-quoted paragraph or section of the will of Josephine Gans Steinhart, in order that the trustees under said testatrix' will may be now advised whether, for the purpose of the provisions made in the will, the wars between the United States and Germany and Japan respectively may be deemed terminated.
It appears from the testimony here adduced that some time in June, 1942, prior to June 6, 1942, Maurice J. Strauss, a member of the Bar of the State of Pennsylvania, received a telephone call suggesting that he attend at the residence of Teresa Steinhart Berg, daughter of Josephine Gans Steinhart and Dr. Lewis Steinhart, for the purpose of consulting with the two latter-named persons concerning the preparation of last wills and testaments.
I find as a fact that at this conference both the present testatrix and her husband, Dr. Lewis Steinhart, were concerned about the prospect of their son-in-law, Stanley Berg, being inducted into the armed services and that the disposition which they desired to make of their estates, as evidenced by paragraph First, sub-paragraph B, was conditioned upon *481 either the failure of the said Stanley Berg to be inducted into the armed services or, in the event of such an induction, to have been discharged from the armed services. As a matter of fact, subsequent events demonstrated that Stanley Berg was never inducted into the armed services of the United States. Both Dr. Steinhart and his wife, the testatrix, were desirous that the income to be received from the trust funds set up by each of them was to be accumulated until the happening of either event above referred to.
Maurice J. Strauss testified that having in mind the directions of both the testatrix and her husband, he prepared identical mutual wills, using the phraseology which the court is now called upon to interpret, to express their respective intentions. He also testified that some time in 1947 the said Dr. Steinhart, then conceiving that what he considered a termination of the wars with Germany and Japan having occurred, he redrafted his will, leaving out of the same the provision with with we are now confronted.
I am satisfied that the testatrix did not, by the phraseology used, intend that there should be either a diplomatic peace or a treaty between the United States and Germany and Japan. I conceive that the words were used in this will in their usual and popular meaning and that there is nothing in the context of the will that requires a narrow or technical meaning to be accorded to them. The apparent purpose of the testatrix was to make provision that the income should be accumulated until such time as there was either no danger of her son-in-law being inducted into the armed services or, having been inducted, that he should have been discharged from the armed services. The words were used in their common and normal acceptance, and although we do not now have a diplomatic formal peace with either of the two above-referred to nations, to all intents and purposes, and in the common parlance, the war with Germany and Japan has been terminated.
I find that the testatrix did not intend that the income should be accumulated until a formal treaty of peace was signed with Germany and Japan, but that she did intend that *482 this accumulation should continue until the actual hostilities and actual fighting with these respective nations ceased, and then until her son-in-law, if he had been inducted, were discharged from the service.
Although the facts here present are somewhat different from those presented in Schaffer v. Oldak, 12 N.J. Super. 80, 78 A.2d 842 (Ch. 1951), the reasoning which the judge there employed and the conclusions at which he arrived are as well applicable to the case before me.
It is therefore here held that insofar as the will of Josephine Gans Steinhart is concerned, the present wars between the United States of America and Germany and between the United States of America and Japan, have terminated.
Judgment will be entered accordingly.